THE DODGE CITY WATER AND LIGHT COMPANY v. THE ALFALFA LAND AND IRRIGATION COMPANY.

*No. 12,544.*  (67 Pac. 462.)

SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Fixtures—Tests Stated.* The tests to be applied in determining whether or not personal property becomes a fixture are: (1) Annexation to the realty; (2) adaptation to the use of that part of the realty with which it is connected; (3) the intention of the party making the annexation to make the article a permanent annexation to the freehold.

2. ——— *Water-pipe Held a "Trade Fixture."* The water-pipe in question in this case found to have been an essential part of the water-works system, and held to have passed by the conveyance to the present owner. It was a "trade fixture" and was not an accessory to the enjoyment of the freehold upon which it was laid, and hence did not pass with the title thereto. (*Railroad Co. v. Nyce*, 61 Kan. 394, 59 Pac. 1040.)

Error from Ford district court; Wm. Easton Hutchison, judge. Opinion filed January 11, 1902. Reversed.

*Sutton & Scates*, and *Wollman, Solomon & Cooper*, for plaintiff in error.

*F. J. Oyler*, for defendant in error.

*Per Curiam:* The facts as hereinafter set out are those most favorable to the defendant in error that can be drawn from the admissions and evidence in the case. The question of law is whether upon such facts the judgment can be sustained.

Prior to September 1, 1887, the Dodge City Water-supply Company, a Kansas corporation, had been granted a franchise by the city of Dodge City to lay water-mains in the streets of that city and supply the inhabitants thereof with water, and it had erected and was then maintaining a water-works system in said city. Its stand-pipe was very near the north line of the corporate limits in said city. Shortly prior to that date one A. T. Soule had purchased all of the stock of the water-works company, which consisted of 1000 shares, of which he took 996 shares in his own name and gave the other four shares to four other persons, so that there might be a sufficient number of shareholders to constitute a full board of directors. On September 1 a complete transfer of the possession and management of the water-works system was made to the new board of directors thus constituted.

Mr. Soule at the time owned a section of land immediately to the north of Dodge City, which he had platted into lots and blocks, and had named Lakeview addition. The plat, however, was not made of record

until some time thereafter.    North of this section of
land he had erected a college building and was evidently expecting to build up a town upon the section
of land which he had platted.    To aid in accomplishing this, he bought and laid a large quantity of four-
inch wrought-iron water-pipe or mains in the streets
of his proposed addition to the city of Dodge City.
This was done before the new board of directors took
charge of the water-works plant.    This pipe was laid
connecting with the pipe of the old system near the
stand-pipe, thence north three blocks, thence west five
blocks, and from this point south to connect with the
main system of water-works, thereby forming a circulatory system and avoiding dead ends.    From a point
where the pipe turns south he extended the line still
further west and then north clear across the platted
section to the college building.    All of these lines of
pipe were laid in the streets of his platted addition.
That portion of the line spoken of as running north
from the stand-pipe and west five blocks was, from
that time until shortly before the bringing of this action, a material and necessary part of the water-works
system of the Dodge City Water-supply Company and
its successors.    A short time before the commencement of this action, its successor, the Dodge City
City Water and Light Company, removed this portion
of the pipe from the soil and made a return connection
farther south, taking the pipe that it had removed
from this portion of the line into its own possession.
This was an action in replevin to recover the possession of this pipe.

Several mortgages had been made by the Dodge
City Water-supply Company to different mortgagees
covering all of its water-plant and appurtenances
thereto.    These mortgages were foreclosed, and the

entire plant was sold under order of the court to
Marilla S. Soule on the 31st day of July, 1895. Ma-
rilla S. Soule was the widow of A. T. Soule, he having
died some years before this purchase by her. The
plaintiff in error in this case holds title to the water-
works plant under a deed from Mrs. Soule made
December 19, 1895. This deed described the property
conveyed as the water-works reservoirs, additions and
extensions pertaining thereto, including the equip-
ment, superstructure, all grounds and land rights
and property heretofore owned by the Western Kan-
sas Water-works, Irrigation and Land Company, com-
monly known as the Dodge City Water-supply
Company, formerly owned and used by it in the
operation of a system of water-works for the supply-
ing of water to the city of Dodge City, Kan. Mr.
Soule continued the owner of the section of land
which he had platted up to the time of his death, and
the same at his death became the property of his
widow and some legatees. In 1889 the streets and
alleys of this Lakeview addition were vacated by the
act of the legislature, no inhabitants having located
homes thereon, and this land is now and has been
since it was vacated ordinary farming or pasture land.
The defendant in error, the Alfalfa Land and Irriga-
tion Company, is now the owner thereof, having pur-
chased it from Marilla S. Soule and the legatees of A.
T. Soule, and holds title by quitclaim deeds dated De-
cember 19, 1895, and after Marilla S. Soule had sold
the water-works plant to plaintiff in error.

The contention of the defendant in error is that,
inasmuch as A. T. Soule purchased the water-pipe
and laid it upon the land then his own, which was
afterward purchased by it from his heirs, with the
title to this land passed the right to this disputed

water·pipe, it being a fixture, and that as the water company went upon this land and removed the pipe, therefore the defendant in error was entitled to maintain replevin to recover possession of it.   The discussion of the question by the parties in their briefs and upon oral argument has taken a wide range, and, from our view-point, unnecessarily so.   We think a few simple considerations will be sufficient to solve the question.

From all of the facts and circumstances, we are inclined to the belief that Mr. Soule, when he laid the pipe in question, did it with the view of enlarging the utility and capacity of the water-works system, of which he was at the time the principal if not the sole owner.   The pipe was laid along the streets of his platted and proposed addition, and the vacation of this plat thereafter by the legislature could not interfere with the rights of any one then having any interest in the water-works system.   In fact, we very much doubt whether the pipe ever became a fixture to the land within which it was laid in any proper sense and use of the term.   Independently, however, of this question, it seems clear to us that as Mrs. Soule was the owner, at least of a portion of the land on which this pipe was laid at the time she sold the water-works plant, with all of its appurtenances, and as this pipe was a material portion of the water-works plant at the time, it was embraced in her conveyance of the same to the water company; and, as it was being used by the water company as such material portion of its plant at the time that the defendant in error became the owner by quitclaim deed of the land on which this pipe was laid, it took the land subject to the rights of the water company in respect to this pipe.   It can hardly be contended that Mrs. Soule or

the legatees or heirs of A. T. Soule could maintain this action of replevin. It seems quite clear to us that their grantees, under the circumstances of this case, cannot.

As we have said before, the contention of the defendant in error was that, inasmuch as Mr. Soule laid this pipe on his own land and paid for it with his own money, it at once attached to and became a part of this realty and passed to it as such. We think that this conclusion may well be doubted, for, as we have seen, at the time Mr. Soule laid the pipe he was practically the owner of the water-works plant as well as of the land, and we must look into the entire transaction to determine whether it was laid as an addition to his water-works plant or as a fixture to his land. It was connected with the mains at both ends and was a necessary portion of the water-works system, and was so used at the time the mortgages, which were foreclosed, were given and title acquired by the present plaintiff. Then, again, this pipe was laid along proposed streets, and evidently as a component part of the water-works system and to supply water to those who should purchase and live upon the lots fronting those streets, and was not an appurtenance to farming or agricultural lands. It had in it at street crossings cross-sections, or T's, for the purpose of attaching such other water-pipes as might be needed in extending the system. It was not attached to the land in which it was placed so that its removal would interfere with the practical use of the land or in any way injure it for agricultural purposes.

The tests to be applied in determining whether or not personal property becomes a fixture are: (1) Annexation to the realty; (2) adaptation to the use of that part of the realty with which it is connected;

Water Co. v. Irrigation Co.

(3) the intention of the party making the annexation to make the article a permanent annexation to the freehold. What adaptation and connection would a water-works system with four-inch pipe have to the ordinary use of a piece of agricultural land? The intention of the party making the annexation of the article to the freehold must be deduced very largely from his acts and surrounding circumstances, and it seems clear to us in this case that Mr. Soule intended to do just what he did do, namely, make this pipe a material and necessary portion of the water-works system, the ownership and management of which he was about to take over, and which system he desired to extend so as to furnish water to purchasers of lots in an addition which he had already platted, the sale of which lots he thereby desired to promote.

The pipe in question, being at the time of the sale of the water-works system by Mrs. Soule to the present owners an essential part of that system, passed by her conveyance. It was a "trade fixture," and was not an accessory to the enjoyment of the freehold upon which it was laid, and hence did not pass with the title thereto. (*Railroad Co. v. Nyce*, 61 Kan. 394, 59 Pac. 1040.)

The judgment of the court below must be reversed, with directions to proceed further in accordance with this opinion.

CUNNINGHAM, ELLIS, POLLOCK, JJ., concurring.